**Darlyne FRANKLIN and Paul Franklin, d/b/a Franklin Productions, Plaintiff,**

v.

**Mario D. CIROLI, Defendant.**

**Civ. A. No. 94–10301–JLT.**

United States District Court, D. Massachusetts.

Sept. 12, 1994.

A. Colarossi, Joseph V. Cattoggio, Revere, MA, for plaintiffs Darlyne Franklin, Paul Franklin dba Franklin Productions.

Richard L. Vitali, City Sol. Office, Samuel A. Vitali, Peralta, Gilligan & Vitali, Lynn, MA, for defendant Mario D. Ciroll.

## MEMORANDUM

TAURO, Chief Judge.

In February of 1994, plaintiffs Darlyne and Paul Franklin filed suit against Mario Ciroli in conjunction with the defendant's staging of a theatrical performance. The complaint alleges federal copyright infringement and a variety of supplemental state law claims. The defendant now moves for summary judgment on the copyright infringement claim, and asks that the supplemental state law claims be dismissed for lack of subject matter jurisdiction.

## I.

### Background

Plaintiffs Darlyne and Paul Franklin, doing business as Franklin Productions, create and produce theatrical shows. In September of 1993, plaintiffs contracted with defendant Mario Ciroli to perform a series of performances of "Joey and Maria's Italian Wedding" (the Franklin production) at Montvale Plaza, a dinner theater owned and operated by the defendant.[1] These performances continued as scheduled until January 4, 1994, when Mario Ciroli terminated his relationship with the plaintiffs.[2]

Almost immediately thereafter, Mr. Ciroli began to stage a different production of an Italian wedding (the Goldmine production). Plaintiffs brought suit, alleging federal copyright infringement and a variety of supplemental state law claims.[3] An application for a preliminary injunction was denied, and the defendant now moves for summary judgment on the copyright infringement claims. Because the plaintiffs' federal copyright claim turns on similarities between the two productions, it is necessary to describe these similarities in some detail.

Both productions are based on a staged wedding in which the bride, the groom, and many of the guests are of Italian descent. The audiences are integrated into the performances as weddings guests, and members of the audience are chosen each night to perform particular functions.

---

1. A copyright application for "Joey and Maria's Comedy Italian Wedding" was filed in November, 1992, and has since been granted. In an earlier memorandum, this court ruled that the plaintiff's had established ownership of a valid copyright. —— F.Supp. ——.

2. Mr. Ciroli cited several reasons in discontinuing his relationship with the Franklins. None of these are relevant to the federal copyright infringement claim.

3. The plaintiffs state law claims are based on the interruption of their contractual relationship, and on purported M.G.L. Ch. 93A violations. These claims are distinct from the copyright infringement claim that is the subject of this motion.

The scripts share several similar sub-plots. Both productions involve an appearance by a jealous ex-girlfriend and a visit by a "Godfather" figure who presents the newlyweds with a large cash gift. The gift is later stolen, and an audience member is singled out as the culprit. This audience member is escorted from the dining room and subjected to a mock execution.

Mr. Ciroli maintains that many of the similarities between the two scripts relate to material beyond the scope of copyright protection, and that any similarities between protectable interests are, as a matter of law, insufficient to sustain a finding of copyright infringement. He now moves for summary judgment on the federal copyright infringement claim.

## II.

### Analysis

■ Assuming the existence of a valid copyright, a successful copyright infringement claim must show that the defendant had access to the copyrighted work and that there is a "substantial similarity" between the protected work and the alleged infringing work. *Concrete Machinery Co. v. Classic Lawn Ornaments, Inc.,* 843 F.2d 600, 605 (1st Cir.1988). Access to the copyrighted work in this case is not disputed. The dispute, rather, centers around the similarities between the two productions, and the extent to which the characters and subplots contained in the original Franklin production can be considered protected interests. In a memorandum denying the plaintiffs' requests for injunctive relief, this court doubted the Franklins' ability to establish a substantial similarity between the productions with respect to interests protected under copyright law. A more careful inquiry confirms these doubts.

Plaintiffs correctly concede that their work is not protected insofar as it involves a parody of an Italian wedding. They contend that the infringement occurs in the appropriation of certain specific "misadventures" which plague the ceremony. (*See* Plaintiff's Opposition of Defendant's Motion for Summary Judgment, p. 4). Specifically, the plaintiffs base their copyright infringement claim on the appearances of the jealous ex-girlfriend and the "Godfather" figure. (*Id.* at page 5).

■ An analysis of the plaintiffs' infringement claims lends itself to a two-step analysis. The court must first determine which elements of copyrighted script fall within the scope of copyright protection. Similarities with respect to nonprotectable interests need not be considered. *Worth v. Selchow & Righter Co.,* 827 F.2d 569 (9th Cir.), *cert. denied* 485 U.S. 977, 108 S.Ct. 1271, 99 L.Ed.2d 482 (1987) (no infringing similarities if similarities are confined to nonprotectable ideas); *Farmers Indep. Tel. Co. v. Thorman,* 648 F.Supp. 457, 460 (W.D.Wis. 1986) ("only the elements of a work that are protected by copyright cannot be appropriated"). Having identified the aspects of a copyrighted work that fall within the sphere of protection, the court must then search for "substantial similarities" between the two productions with respect to these protected elements. *Concrete Machinery,* 843 F.2d at 608.

■ Turning first to the scope of the copyright protection, it is clear that the characters cited by the plaintiff are not amenable to copyright protection as such. A person may not obtain a copyright on a particular type of character, particularly if this character represents a recognizable stereotype.[4] *Midas Productions, Inc. v. Baer,* 437 F.Supp. 1388, 1390 (C.D.Cal.1977) (no property right in stereotyped characters). To hold otherwise would be to allow copyright protection for a character based on a corrupt sheriff, a lonely waitress, or a troubled soldier. *Id.* at 1390. It is indisputable that the characters at issue in this case, a jealous ex-girlfriend and a "Godfather" figure, represent distinct stereotyped characters.

■ As a result, copyright protection in this case cannot come from the characters

---

4. The unprotected status of certain characters and subplots derives in part from the doctrine of *scenes a faire.* This doctrine withholds copyright protecting from certain forms of expression where "to hold otherwise would give the first author a monopoly on ... commonplace ideas." *Landsberg v. Scrabble Crossword Game Players, Inc.,* 736 F.2d 485, 488 (8th Cir.1984).

themselves, but rather from the situations they occupy or the actions they take. Again, however, courts have recognized that a copyright will not protect, plots, subplots or themes. *Shipman v. RKO Pictures,* 100 F.2d 533, 538 (2d Cir.1938); *Midas,* 437 F.Supp. at 1390. This is a logical extension of the rule that copyright protection will not extend to a stereotyped character. Stereotyped characters do not appear in a vacuum. A sheriff appears in a western saloon, a waitress appears in a diner, and a soldier appears in a war.

The settings in which the jealous ex-girlfriend and the "Godfather" figure appear are similarly logical extensions of the characters themselves. A jealous ex-girlfriend might logically be found at her ex-boyfriend's wedding. A caricature of an Italian "Godfather" might similarly be expected at a stereotypical Italian wedding. These settings, and the sub-plots that they give rise to, are accordingly beyond the scope of copyright protection.

■ Having determined that the characters and subplots present in the Franklin production are beyond the scope of copyright protection, it remains to be seen whether the specific expressions of ideas embodied in these characters and subplots were unlawfully appropriated from the Franklin production. An examination of the scripts submitted by the parties reveal that they were not.[5]

The Godfather figures in the two productions have different names, appear at different moments, and engage in entirely different dialogue. Similarly, the ex-girlfriends appear at different moments, sing different songs, and engage in different dialogue. The expression of the ideas contained in the stereotyped characters and sub-plots differ substantially between the two productions. Whatever similarities exist are insufficient to sustain a finding of "substantial similarity."

## III.

### *Disposition of the Supplemental State Law Claims*

28 U.S.C. § 1367 allows district courts to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the present case the parties have dedicated relatively little time to the preparation of the dependent state law claims, and the plaintiffs retain access to an alternative forum for the resolution of these claims. It is appropriate in this case for the court to decline to exercise its jurisdiction and to order the state law claims dismissed without prejudice.

## IV.

### *Conclusion*

In summary, the court finds that the elements referred to in the plaintiffs' complaint are an amalgamation of stereotyped characters and stereotyped subplots. As such, they are beyond the scope of copyright protection. The elements of the plaintiffs' production that are within the scope of copyright protection do not share "substantial similarities" with the allegedly infringing work.

Accordingly, the defendant's motion for summary judgment will be allowed with respect to the federal copyright infringement claim. The remaining state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

---

5. As an initial matter, it is useful to note the limited scope of the similarities cited by the plaintiff. The events referred to in the plaintiffs' complaint (the appearance of the ex-girlfriend and the "Godfather" figure) constitute only two episodes in performances that otherwise differ as much as two portrayals of a wedding can.

To the extent that the timing of events at the wedding unfold in a similar fashion, the court notes that weddings by their very nature follow a particular sequence of events. This sequence of events might then be considered "indispensable, or at least standard, in the treatment of a given topic." *Atari, Inc. v. North American Philips Consumer Electronics Corp.,* 672 F.2d 607, 616 (7th Cir.) *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982) (discussing doctrine of *scenes a faire* ).